IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| MARCUS ROBERSON | : | CASE NO. 1:14-cv-536 |
| 126 Fern Valley Way | : | |
| Hamilton, Ohio 45011 | : | JUDGE |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KEY 2 RECOVERY, INC. | : | **COMPLAINT** |
| 5448 West Chester Road | : | |
| West Chester, Ohio 45069, | : | **WITH JURY DEMAND** |
| | : | |
| and | : | |
| | | |
| CARMEN CATANZARO | | |
| 5448 West Chester Road | | |
| West Chester, Ohio 45069, | | |
| | | |
| Defendants. | | |

_____

## I.        **PARTIES**

1.        Plaintiff Marcus Roberson ("Plaintiff") is an Ohio citizen who resides at 126 Fern Valley Way, Hamilton, Ohio 45011.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ohio Revised Code § 1345.01(D).

2.        Defendant Key 2 Recovery, Inc. is an Ohio for-profit corporation, with its principle place of business located at 5448 West Chester Road, West Chester, Ohio 45069. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and a "supplier" as that term is defined by Ohio Revised Code § 1345.01(C).

3. Defendant Carmen Catanzaro is an Ohio resident who is employed by Defendant Key 2 Recovery, Inc. as a debt collector. Defendant Catanzaro is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and a "supplier" as that term is defined by Ohio Revised Code § 1345.01(C). Defendant Carmen Catanzaro and Defendant Key 2 Recovery, Inc. will be referred to jointly as ("Defendants") throughout this Complaint.

4. Plaintiff seeks to recover damages (actual and statutory), treble damages, and his attorney's fees and costs associated with this action based on Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Ohio Consumer Sales Protection Act ("CPA"), Ohio Revised Code § 1345 et seq. that occurred during the course of Defendants' debt collection efforts against Plaintiff.

## II.         VENUE AND PERSONAL JURISDICTION

5. Venue is appropriate in this District Court under 28 U.S.C. § 1391(b) because (i) a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and (ii) this is the District in which Plaintiff and Defendants reside.

6. Jurisdiction in this case is proper upon 15 U.S.C. § 1692k which grants the District Court jurisdiction to hear this action without regard to the amount in controversy.

## III.        FACTUAL BACKGROUND

7. Defendants were hired or retained by First Financial Bank to collect certain outstanding debts owed by Plaintiff.

8. In or around October 2011, Defendant Key 2 Recovery, Inc. called Plaintiff at his place of work in an effort to collect debts. During this call, Plaintiff expressly instructed

Defendant to no longer contact him at work regarding his debt.  Nevertheless, Defendant called Plaintiff at his place of employment on at least four occasions in violation of 15 U.S.C. § 1692c(a)(3) of the FDCPA.  Horkey v J.V.D.B. & Assocs., 333 F3d 769 (7th Cir. 2003), cert denied 540 US 985, 124 S Ct 489, 157 L Ed 2d 377 (2003) (holding that district court properly granted debtor summary judgment on her claim under 15 U.S.C. § 1692c(a)(3) because statement to debt collection agency was clear enough that, as matter of law, debt collection agency knew or had reason to know that debtor could not discuss her debt while at work).

9.      On May 27, 2014, Defendant Catanzaro, called Plaintiff to discuss the status of his repayment plan with Defendants.  Based on previous harassing calls he received from Defendants, Plaintiff recorded the call with Defendant Catanzaro on his computer.  During the course of this call, Defendant Catanzaro made mocking, harassing and abusive statements to Plaintiff in an unlawful attempt to dissuade Plaintiff from seeking the advice of an attorney regarding his rights under the FDCPA.  Defendant Catanzaro's mocking, abusive and harassing statements violated both the FDCPA and the Ohio CPA.

10.      During this same May 27, 2014 call, Defendant Catanzaro threatened to send Plaintiff's file to an "attorney" for legal action after Plaintiff indicated his intent to seek the advice of counsel.  Defendant Catanzaro made this threat to send Plaintiff's file to an attorney knowing that (i) Defendants never intended to send Plaintiff's file to an attorney, and/or (ii) Defendants had no basis to initiate legal action against Plaintiff.  Upon information and belief, Defendants never sent Plaintiff's file to an attorney and, as of the date of this Complaint, no legal action was ever taken by Defendants against Plaintiff.  Defendant Key 2 Recovery, Inc., through its agent Defendant Catanzaro, made these false threats against Plaintiff in violation of the FDCPA and the Ohio CPA.

11.     Plaintiff was shaken and extremely distressed and humiliated as a direct and proximate result of the May 27, 2014 call.  Plaintiff's distressing and humiliating experience with Defendants caused him emotional distress and anxiety.

12.     The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices.  <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 33 (2d Cir. 1996).  The statute "was designed to protect consumers from unscrupulous collectors whether or not there is a valid debt."  <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).  The FDCPA is a strict liability statute, and "a consumer need not show intentional conduct by the debt collector to be entitled to damages."  <u>Russell</u>, 74 F.3d at 33.

13.     The Ohio CPA prohibits "suppliers" from "commit[ting] unfair or deceptive practice[s]" or "unconscionable act[s] or practice[s] in connection with a consumer transaction." Ohio Rev. Code § 1345.02 and § 1345.03.  "A person retained to collect, or attempt to collect upon claims of debt arising from a consumer transaction" is a "supplier" under the Ohio CPA. <u>Gatto v. Frank Nero Auto Lease, Inc.</u>, 8th Dist. No. 74894, 1999 Ohio App. LEXIS 1571, at *8. A violation of the FDCPA is also a violation of the Ohio CPA.  <u>Becker v. Montgomery, Lynch,</u> Case No. 1:02CV 874, 2003 U.S. Dist. LEXIS 24992, at *6-*7 (N.D. Ohio 2003) ("Since the underlying purpose of the [Fair Debt Collection Practices Act] is to prohibit 'abusive, deceptive and unfair debt collections practices,' the purpose of both acts is to prohibit both unfair and deceptive acts and any violation of any one of the enumerated sections of the [Fair Debt Collection Practices Act] is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03.").

14.     Defendants' violations entitle Plaintiff to recover his actual damages, statutory damages, treble damages, and his attorney's fees and costs associated with prosecuting his claims under the FDCPA and the Ohio CPA.  15 U.S.C. § 1692k(a); Ohio Rev. Code § 1349.09.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
### (Violation of 15 U.S.C. § 1692d)

15.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 14 of the Complaint as if fully set forth.

16.     The FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.

17.     Defendants violated 15 U.S.C. § 1692d by making mocking, harassing and abusive statements to Plaintiff in an unlawful attempt to dissuade Plaintiff from seeking the advice of an attorney regarding his rights under the FDCPA.  Diaz v D.L. Recovery Corp., 486 F. Supp. 2d 474, 477 (E.D. Pa. 2007) (holding 15 U.S.C. § 1692d(1)-(6) was merely non-exhaustive list that illustrated types of conduct that would render debt collectors liable under 15 U.S.C. § 1692d; finding plaintiff properly asserted actionable claims against defendants under 15 U.S.C. § 1692d based on harassing phone call).

18.     As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff suffered damages in an amount to be determined by the Court.

## COUNT II
## <u>FAIR DEBT COLLECTION PRACTICES ACT</u>
### (Violation of 15 U.S.C. § 1692e)

19.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 of the Complaint as if fully set forth.

20.     The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

21.     Defendants violated 15 U.S.C. § 1692e by threatening to refer Plaintiff's file to an "attorney" for legal action where Defendants' threatened action (i) was not actually intended or done, (ii) was unlawful to take, (iii) was not permitted by any contractual right, and/or (iv) stated for the sole purpose of terrifying, misleading, and harassing Plaintiff.  <u>United States v. National Financial Services, Inc.</u>, 98 F.3d 131, 138 (4th Cir. 1996) (holding debt collection efforts violated 15 U.S.C. § 1692e where debt collector threatened legal action that it did not intend to take; stating "Courts have consistently found that falsely representing that unpaid debts would be referred to an attorney for immediate legal action is a deceptive practice.").

22.     As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff suffered damages in an amount to be determined by the Court.

## COUNT III
## <u>OHIO CONSUMER SALES PROTECTION ACT</u>
### (Violation of Ohio Revised Code § 1345.02 and § 1345.03.)

23.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 22 of the Complaint as if fully set forth.

24.     The Ohio CPA prohibits debt collectors such as Defendants from "commit[ting] unfair or deceptive practice[s]" or "unconscionable act[s] or practice[s] in connection with a consumer transaction."  Ohio Rev. Code § 1345.02 and § 1345.03.

25.     Defendants violated Ohio Revised Code § 1345.02 and § 1345.03 by (i) making mocking, harassing and abusive statements to Plaintiff in an unlawful attempt to dissuade Plaintiff from seeking the advice of an attorney regarding his rights under the FDCPA, and (ii) threatening to refer Plaintiff's file to an "attorney" where Defendants' threatened action was not actually intended or done, was unlawful to take, was not permitted by any contractual right, and/or stated for the sole purpose of terrifying, misleading, and harassing Plaintiff.

26.     As a direct and proximate result of Defendants' violations of the Ohio CPA, Plaintiff suffered damages in an amount to be determined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor as follows on each claim for relief:

A.  Award Plaintiff compensatory and statutory damages in an amount to be determined at trial;

B.  Award Plaintiff treble damages from Defendants' willful and malicious conduct in an amount to be determined at trial;

C.  Award Plaintiff pre-judgment and post-judgment interest in an amount to be determined at trial;

D.  Award Plaintiff his attorneys' fees, costs and expenses in an amount to be determined at trial; and

E.  Award Plaintiff such other and further relief as this Court deems necessary.

Respectfully submitted,

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski, Trial Attorney (0079582)
Cori R. Besse (0081447)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel:  (513) 618-6596
Fax: (513) 618-6597
asadlowski@sb-lawyers.com
cbesse@sb-lawyers.com

Attorneys for Plaintiff Marcus Roberson

## JURY DEMAND

Plaintiff demands a trial by jury.

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski